Name: Paul-Joseph: Parker ©
Address: c/o 1978 Chalet Drive
City, State, Zip: Santa Clara, Utah
Phone: 801-647-9319
Email: paulparker@protonmail.com

FILED US District Court-UT
APR 13 '22 PM04:14

Case: 2:22-mc-00259
Assigned To : Campbell, Tena
Assign. Date : 04/13/2022
Description: State of Utah v Parker

I am the [X] ~~Defendant~~ Applicant/Declarant
[ ] Attorney for the Defendant and my Utah Bar number is _____

In the Justice Court of Utah

3rd Judicial District  Salt Lake County
Court Address  Judicial Courts of The State of Utah
450 S State St Salt Lake City, UT, 84111-3101
United States

**Notice of Removal to District Court**

Plaintiff: STATE OF UTAH / State of Utah

Case Number: 191906168

v.

Judge: Linda Jones

Defendant: PAUL PARKER

I say as follows:

(1) I am notifying the court that this case is being removed to the UNITED STATES DISTRICT COURT DISTRICT OF UTAH (name of district court) because I wish to exercise my right to a have a jury ~~trial~~ Demand in this case.

(2) That district court has jurisdiction of this case because: (Choose all that apply.) The Jurisdiction of this court is invoked pursuant to The Constitution of the United States of America
[ ] I reside in the jurisdiction of that court.
[ ] The events in this case happened in the jurisdiction of that court.

(3) The case number of the district court case is _____ and the trial is scheduled for _____ (date).

I have not included any non-public information in this document.

I declare under penalty of Utah Code Section 78B-5-705 that everything stated in this document is true.

4/12/2022
Date    Sign here ▶ _[signature]_
        Defendant or Attorney

_____    Sign here ▶ _____
Date                      Plaintiff or Attorney

# Grounds for removal

Linda Jones has continuously demonstrated a complete bias for the Plaintiff, The State of Utah, answered for the Plaintiff counsel on many occasions. Linda Jones has continuously ignored requests for documents, and objections to actions by herself and the plaintiff and it has been documented by non-interested parties, as well as issued to the court as "Witness Testimony in the form of an Affidavit", that bias exists and a fair trial cannot be had in the Third District Court in and for Salt Lake County.

Linda Jones works for the plaintiff which is a clear conflict of interest. Proof has been submitted to the court.

Linda Jones has issued a plea on behalf of the Defendant which is a violation and fraud upon the court, (attorning from the bench), denied several jurisdiction and Constitution challenges, ignored a Silver Surety Bond submitted to the Court, ignored a valid Foreign Judgment and who then subsequently issued an additional warrant order on April 1, 2021. Then, Illinoisan, Paul-Joseph: Parker.© was arrested and detained by the Washington County Sheriff on July 21, 2021, forced to State sponsored legal counsel provided by The Utah Legal Defenders Association, released from incarceration on September 10, 2021, and is now being held on supervised release with SALT LAKE COUNTY PRETRIAL SERVICES. Linda Jones has rejected termination of counsel.Illinoisan, Paul-Joseph: Parker.©, has issued 4 negotiable instruments and a lawful money Silver American Dollar to provide remedy and satisfy the alleged claim and all have been ignored. An Interlocutory Appeal was submitted to the Utah Court of Appeals and rejected. All known remedies have been exhausted.

Linda Jones' behavior, especially in the latest pretrial hearing, has been escalating to a dangerous level and now presents a clear and present danger to my health, wellbeing and property. Linda Jones has now questioned the mental abilities of Illinoisan, Paul-Joseph: Parker.©. The Third Judicial District Court of Utah's callous disregard for my safety necessitated that I file this Emergency Injunction Request with the United States District Court.

# 28 U.S. Code § 1455 - Procedure for removal of criminal prosecutions

- U.S. Code

(a) Notice of Removal.—

A defendant or defendants desiring to remove any criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such prosecution is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

(b) Requirements.—

(1)

A notice of removal of a criminal prosecution shall be filed not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier, except that for good cause shown the United States district court may enter an order granting the defendant or defendants leave to file the notice at a later time.

(2)

A notice of removal of a criminal prosecution shall include all grounds for such removal. A failure to state grounds that exist at the time of the filing of the notice shall constitute a waiver of such grounds, and a second notice may be filed only on grounds not existing at the time of the original notice. For good cause shown, the United States district court may grant relief from the limitations of this paragraph.

(3)

The filing of a notice of removal of a criminal prosecution shall not prevent the State court in which such prosecution is pending from proceeding further, except that a judgment of conviction shall not be entered unless the prosecution is first remanded.

(4)

The United States district court in which such notice is filed shall examine the notice promptly. If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand.

(5)

If the United States district court does not order the summary remand of such prosecution, it shall order an evidentiary hearing to be held promptly and, after such hearing, shall make such disposition of the prosecution as justice shall require. If the United States district court determines that removal shall be permitted, it shall so notify the State court in which prosecution is pending, which shall proceed no further.

(c) Writ of Habeas Corpus.—

If the defendant or defendants are in actual custody on process issued by the State court, the district court shall issue its writ of habeas corpus, and the marshal shall thereupon take such defendant or defendants into the marshal's custody and deliver a copy of the writ to the clerk of such State court.

(Added Pub. L. 112–63, title I, § 103(c), Dec. 7, 2011, 125 Stat. 761.)